Moshe Rothenberg, Esq.
Attorney at Law
880 E. Elmer Road
Vineland, NJ 08360
Phone: (856) 236-4374
Fax: (856) 405-6769
Attorney for Debtor(s)

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**IN RE:** Kallae H. Robinson

**Case No:** 26-19125
**Chapter 7**

**CERTIFICATION OF KALLAE H. ROBINSON**

I, Kallae H. Robinson, am the debtor in this case and possess sufficient information to make the following certification. I certify that all statements made by me are true and correct and I am aware that if any statements are willfully false, I am subject to punishment for false swearing.

1. I am making this certification pursuant to Section 362(l) of the Bankruptcy Code.

2. Mr. Rothenberg has explained to me that one of the requirements to obtain a 30 day stay in a situation such as this, where my landlord obtained a judgment for possession pre-petition, is to demonstrate to the Court that I have a legal right to cure rental arrears under state law even after a judgment for possession has issued.

3. Laurelton Village Apartments LG, LLC, my landlord, obtained their judgment of possession on June 3, 2026. The Warrant of Removal was entered on August 3, 2026.

4. Mr. Rothenberg has brought to my attention a case of Housing Authority of the Town of Morristown v. Cathy Little, 135 N.J. 274 (1994). There, the New Jersey Supreme Court unanimously held that a residential tenant was permitted to cure

her default even though the landlord obtained both a judgment for possession as well as a warrant of removal.

5. The Court based its decision in large part on Court Rule 4:50-1(f) which permits a court to relieve a party from a final judgment or order if that party can show that it is no longer equitable that the judgment or order should have prospective application. Here, as Mr. Rothenberg explained to me, I need only to show that under New Jersey state law, I have the legal right, and nothing more, to cure arrears post-judgment to qualify for a 30-day stay. The New Jersey Supreme Court says I have such a right. I am attaching a copy of this opinion with this application for the Court's review.

6. In addition, I am aware that I need to put down one month's rent along with the filing of the petition and Mr. Rothenberg has instructed me that I must go to Camden to make that deposit and I am prepared to do that Tuesday afternoon.

7. Based upon the foregoing, I trust that the Court finds this certification satisfactory and will give me the 30 days to pay the full amount that I owe, which according to my best calculations is approximately $4,555.00.

I, Kallae H. Robinson, certify all statements made by me are true and correct and I am fully aware that if any statement is willfully false, I am subject to punishment for false swearing.

**Dated: August 11, 2026**

**/s/ Kallae H. Robinson____________**
**Kallae H. Robinson**
**Debtor**